UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA BELL,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No.: 18-CV-2865-CAB-BLM<br><br>**ORDER DENYING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT**<br><br>[Doc. No. 4] |

On December 21, 2018, Plaintiff, a non-prisoner, filed a complaint making allegations concerning the title on a property located in San Diego, California. Plaintiff did not pay the filing fee and instead applied to proceed *in forma pauperis* ("IFP"). The Court denied Plaintiff's IFP application without prejudice because of the lack of particularity, definiteness, and certainty in the information provided. Plaintiff has now filed a renewed IFP application that provides additional detail about her financial situation. The renewed application demonstrates that Plaintiff lacks the financial resources to pay the filing fees and still afford the necessities of life. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015); *see also* 28 U.S.C. § 1915(a).

Notwithstanding the foregoing, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal should the Court determine, *inter alia*, it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*,

254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Here, the complaint purports to assert only state law claims of "Fraud, Negligence, and Misrepresentation attributed to Defendants' multiple violations of ignoring proper loan procedures," and appears to seek damages of $1,250,000 and to quiet title on a property located in San Diego. The complaint, however, does not allege any facts supporting these claims, let alone the particularity required by Federal Rule of Civil Procedure 9(b) for claims of fraud. Moreover, although Plaintiff alleges subject matter jurisdiction based on diversity of citizenship, according to the complaint, the requisite diversity is missing because both Plaintiff and Defendant S.D. Bank Homes are citizens of California. Accordingly, even if the complaint stated a claim, this Court lacks subject matter jurisdiction.

In light of the foregoing, it is hereby **ORDERED** that Plaintiff's application to proceed in forma pauperis is **DENIED** because the Court lacks subject matter jurisdiction over the complaint and because the complaint fails to state a claim. This dismissal is without prejudice to Plaintiff filing an amended complaint as part of a new lawsuit in state court. The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: January 22, 2019

Hon. Cathy Ann Bencivengo
United States District Judge